IN the MATTER OF the REINSTATEMENT OF the
LICENSE OF Alan D. EISENBERG to Practice Law.

Supreme Court

*Nos. 85–1723–D, 86–2206–D. Filed June 24, 1991.*

(Also reported in 470 N.W.2d 898.)

PER CURIAM. On May 15, 1991 the Board of
Attorneys Professional Responsibility (Board) filed its
report on the petition of Alan D. Eisenberg for reinstate-
ment of his license to practice law, which the court sus-
pended, effective August 1, 1988, for two years as disci-
pline for professional misconduct. *Disciplinary
Proceedings Against Eisenberg,* 144 Wis. 2d 284, 423
N.W.2d 867. The Board found that Mr. Eisenberg has

satisfied all of the conditions for reinstatement set forth in SCR 22.28 and recommended that his petition for license reinstatement be granted.

The recommendation of the Board is contrary to the findings and recommendation of the district professional responsibility committee that conducted the investigation into Mr. Eisenberg's reinstatement petition and held a public hearing on that petition. The committee concluded that Mr. Eisenberg had failed to meet his burden of demonstrating by clear and convincing evidence that his conduct since suspension has been exemplary and above reproach, that he has a proper understanding of and attitude toward the standards imposed upon members of the bar and that he will act in conformity with those standards, that he can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and aid in the administration of justice as a member of the bar and officer of the courts and that he has the moral character to practice law and his resumption of practice will not be detrimental to the integrity and standing of the bar or the administration of justice or subversive of the public interest. SCR 22.28(4)(e), (f), (g) and (6).

The committee's conclusions were based on its assessment of the weight to be accorded the testimony of numerous witnesses who appeared on behalf of Mr. Eisenberg and four witnesses who appeared in opposition to reinstatement of his license. The committee also considered conduct Mr. Eisenberg had engaged in prior to the license suspension with respect to pension and profit sharing plan accumulations he refused to pay to five former employees who resigned from his employment. As to the latter, Mr. Eisenberg made the requisite

distributions only after the former employees commenced litigation in federal court.

The federal action resulted in a $81,349 judgment entered against Mr. Eisenberg and it is currently on appeal. In the action, the jury found that Mr. Eisenberg had breached his fiduciary duties to the plaintiffs as plan administrator and trustee. Ruling on various post-trial motions, the judge found that Mr. Eisenberg had "exhibited bad faith or culpability in engaging in litigation concerning entitlement to benefits that defendants concluded were owed." Significantly, Mr. Eisenberg's conduct with respect to his former employees and his pension and profit sharing plan was not considered in the prior disciplinary proceeding which resulted in the suspension of his license.

On the record before us, we are unable to conclude that Mr. Eisenberg has met his burden of demonstrating by clear and convincing evidence that he is entitled to reinstatement of his license to practice law in Wisconsin. Accordingly, we deny his reinstatement petition, noting that, pursuant to SCR 22.28(8), he may again file a petition for reinstatement nine months following this denial or thereafter.

IT IS ORDERED that the petition of Alan D. Eisenberg for reinstatement of his license to practice law in Wisconsin is denied.

ABRAHAMSON, J., dissents and would adopt the recommendation of the Board of Attorneys Professional Responsibility.