IN the MATTER OF the REINSTATEMENT OF the LICENSE OF Alan D. EISENBERG, to Practice Law.

Supreme Court

*Nos. 85-1723-D, 86-2206-D. Filed May 4, 1993.*

(Also reported at — N.W.2d —.)

PER CURIAM. *Petition for reinstatement; reinstatement denied.*

On March 23, 1992, Alan D. Eisenberg petitioned for the reinstatement of his license to practice law, which the court suspended in 1988 for two years as discipline for professional misconduct. *Disciplinary Proceedings Against Eisenberg,* 144 Wis. 2d 284, 423 N.W.2d 867 (1988). In its report on the reinstatement petition, the Board of Attorneys Professional Responsibility (Board) recommended that the petition be denied on the ground that the petitioner has not satisfied the reinstatement requirement that he show his conduct since the license suspension to have been "exemplary and above reproach," that he has a proper understanding of and attitude toward the standards imposed upon members of the bar and that he will act in conformity with those standards and that he can be safely recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general aid in the administration of justice as a member of the bar and as an officer of the courts. SCR 22.28(4)(e), (f) and (g). The Board further concluded that Mr. Eisenberg failed to meet his burden imposed by SCR 22.26(6) of demonstrating by clear and convincing evidence that he has the moral character to practice law in Wisconsin and that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice or subversive of the public interest.

Having so concluded, the Board recommended that Mr. Eisenberg's petition for reinstatement of his license to practice law be denied. We agree.

This is the second time Mr. Eisenberg has sought reinstatement of his license following its suspension in 1988. In 1991, the court rejected the favorable recommendation of the Board on his petition and denied reinstatement, in part because of a federal judgment obtained against him on a claim that he had breached fiduciary duties as plan administrator and trustee of his law firm's employee pension and profit sharing plan. *In Matter of Reinstatement of Eisenberg*, 162 Wis. 2d 999, 470 N.W.2d 898 (1991).

In this proceeding, the Board's recommendation against reinstatement of Mr. Eisenberg's license was based on its findings that Mr. Eisenberg was not truthful in his testimony under oath at the public hearing held by the district professional responsibility committee on his reinstatement petition and had falsely reported to the court's Board of Bar Examiners his attendance at a continuing legal education seminar. The district committee was informed by the State Bar's continuing legal education seminar coordinator in March, 1992 that Mr. Eisenberg had arrived one hour late for a seminar and one-half hour later retrieved his coat, returned to the meeting room and shortly thereafter "sort of snuck out" through a door designated for the exclusive use of the facility's employees. When this information was brought to his attention at the public hearing before the district committee in August, 1992, Mr. Eisenberg stated that he did not recall the incident and could not imagine any attorney doing such a thing.

At a continuation of the hearing in October, 1992, when confronted with evidence from a witness to the incident, Mr. Eisenberg recalled the incident clearly,

describing it in great detail. He acknowledged that he had arrived at the seminar late due to illness and had to make a hasty exit because of the illness and was unable to return. Mr. Eisenberg insisted that his earlier response to the question whether he ever had arrived late at a seminar, remained for a short period, retrieved his hat and coat and "sort of snuck out" was merely his denial that he had ever "snuck out" of a seminar. He noted that he had testified at the earlier hearing that there might have been occasions when he attended a seminar for a very short period of time, arriving late or leaving early, but he had no recollection of a particular instance. The Board found that Mr. Eisenberg's testimony contradicted that of the program coordinator in several respects, including his time of arrival and the time of his departure.

In respect to his claim for credit for his attendance at that seminar, Mr. Eisenberg testified that his submission of an attendance verification to the Board of Bar Examiners was inadvertent, as it was included among a number of verifications of his attendance at other programs. Mr. Eisenberg asserted that he had attended more than the number of hours of continuing legal education required by the Board of Bar Examiners for his reinstatement and, because he was not eligible to carry over the excess hours to a subsequent period, his inadvertent verification of full attendance at the seminar was not material. The Board noted, however, that as of January 27, 1993, Mr. Eisenberg had not informed the Board of Bar Examiners of the erroneous verification.

On the basis of Mr. Eisenberg's false report to the Board of Bar Examiners of his attendance at the seminar and his contradictory testimony at the public hearing on his reinstatement petition concerning the circumstances surrounding his "surreptitious exit" from the

seminar, the Board was unable to find that his conduct since the suspension of his license had been "exemplary and above reproach." In making that determination, the Board "gave great weight to the fact that [Mr. Eisenberg] gave false testimony under oath before the Committee in these proceedings."

We agree with the Board that Mr. Eisenberg has not met the requirements of our rules to demonstrate his entitlement to again be licensed to practice law. The Board's findings and conclusions, as well as its adverse recommendation, are consistent with those of the district professional responsibility committee which initially considered Mr. Eisenberg's petition for reinstatement and conducted the hearing on it. The committee determined that Mr. Eisenberg had demonstrated a lack of rehabilitation, a lack of acceptance or recognition of his prior misconduct and a lack of candor and forthrightness in the reporting of his attendance at a continuing legal education program and his explanation of the matter in this proceeding. The committee concluded that Mr. Eisenberg's conduct has created "a pattern of untrustworthiness that can be damaging to the public."

As Mr. Eisenberg has failed to demonstrate that he is again fit to be licensed to practice law in Wisconsin at the present time, we deny his petition for reinstatement. Pursuant to SCR 22.28(8), he may again file a reinstatement petition nine months following our denial of his petition or any time thereafter.

IT IS ORDERED that the petition of Alan D. Eisenberg for reinstatement of his license to practice law in Wisconsin is denied.

HEFFERNAN, C.J., and ABRAHAMSON and BABLITCH, JJ., dissent.